JUNE.

LEMONNIER *vs.* GODFROID's Adm'rs.

*W. G. by his will bequeathed as follows: "I order my executor, hereafter named, to reserve from my estate the sum of $6000, as a legacy to be paid to W. G. aged about 14 years, and christened under that name, at Havanna, in May or June 1804, which youth I acknowledge to be my natural son; I order my executor to invest the said sum of $6000, in such way as to produce an interest for the support and maintenance of the said W. G. until he is of age, and then to pay him the capital or part remaining, in case the interest would not be sufficient for his maintenance during his youth"—Held, that the legacy to W. G. the son, was vested at the death of the testator.*

APPEAL from a decree of the orphans court of *Baltimore* county, upon the petition of the appellees, against the appellant, as guardian of *William Godfroid,* junior, whom they represent as administrators. *William Godfroid,* the father of *William Godfroid,* junior, died in April 1818, having in November 1817 made his will; in which he declares *William Godfroid,* junior, to be his son, saying that he was then about 14 years of age, and bequeaths to him, in the manner hereafter to be stated, the fund which is the subject of the claim of the appellees in their petition. In 1821 or 1822, *Wm. Godfroid,* junior, died; and in May 1822, the appellees filed their petition against the appellant, as guardian, demanding the sum bequeathed to *Wm. Godfroid,* junior, by his father, and which, by the accounts of the appellant, appeared to be in his hands as guardian. The words of *William Godfroid's* bequest to his son are, "I order my executor, hereafter named, to receive from my estate the sum of six thousand dollars, as a legacy to be paid to *William Godfroid,* aged about fourteen years, and christened under that name at *Havanna,* in the month of May or June 1804, which youth I acknowledge to be my natural son. I order my executor to invest the said sum of six thousand dollars in such way as to produce an interest for the support and maintenance of the said *William Godfroid,* until he is of age, and then to pay him the capital or part remaining, in case the interest would not

1825.
Lemonnier
vs
Godfroid

be sufficient for his maintenance during his youth." The will then proceeds to say, "after deducting from my estate the sum above mentioned, the rest of my property will be left at the disposal of *Eulalie Lacoste Godfroid*, my lawful wife, and my general and universal heir, who shall enter in and take immediate possession of my property, without any control whatsoever." The orphans court decreed that the appellant should pay over to the appellees the amount received by him for *William Godfroid*, junior, under the said bequest. From which decree he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. EARLE, STEPHEN, and DORSEY, J.

*Taney*, and *Mayer*, for the Appellant, contended, That the decree was erroneous, because the legacy given to *William Godfroid*, junior, was not a vested one, but lapsed by his death before his reaching 21 years of age, the time appointed for paying it to him. They cited 4 *Bac. Ab.* tit. *Legacies*, (E 2,) 393. *Hanson vs. Graham*, 6 *Ves.* 246, 249. *Walker vs. Shore*, 15 *Ves.* 122. *Blamire vs. Geldart*, 16 *Ves.* 314. *Lane vs. Goudge*, 9 *Ves.* 226. *Leake vs. Robinson*, 2 *Mer.* 386. *Pulsford vs. Hunter*, 3 *Bro. Chan. Ca.* 417, 419. *Hoath vs. Hoath*, 2 *Bro. Chan. Ca.* 3. *Killett vs. Dawson*, 1 *Bro. Chan. Ca.* 124, *(note by Eden,)* and *Walcott vs. Hall*, 2 *Bro. Chan. Ca* 305, 306, *(note by Eden.)*

*Mitchell*, and *Glenn*, for the Appellees, cited 4 *Bac. Ab.* tit. *Legacies*, (E 2,) 393 to 399, &c. *Chandos vs. Talbot*, 2 *P. Wms.* 610. *Pawlet vs. Pawlet*, 1 *Vern.* 204. *Cave vs. Cave*, 2 *Vern.* 508. *Stapleton vs. Cheele*, *Ibid* 673. *Walcot vs. Hall*, 2 *Bro. Chan. Ca.* 305. *Fonnereau vs. Fonnereau*, 1 *Ves.* 118. 3 *Atk.* 645, S. C. *Branstrom vs. Wilkinson*, 7 *Ves.* 421. *Leake vs. Robinson*, 2 *Mer.* 386. *Atkins vs. Hiccocks*, 1 *Atk.* 500. *Elton vs. Elton*, 3 *Atk.* 504. 2 *Com. Dig.* tit. *Chancery*, (3 Y 15,) 578. *Ibid* (3 Y 8,) 563. *Batsford vs. Kebbell*, 3 *Ves.* 363; and *Hanson vs. Graham*, 6 *Ves.* 239.

STEPHEN, J. delivered the opinion of the court. In November 1817, *William Godfroid* made his last will and testament in writing, which contains the following clause: "I order my executor hereafter named, to reserve from

my estate the sum of six thousand dollars, as a legacy to be paid to *William Godfroid*, aged about fourteen years, and christened under that name at *Havanna*, in the month of May or June 1804, which youth I acknowledge to be my natural son. I order my executor to invest the said sum of six thousand dollars, in such way as to produce an interest for the support and maintenance of the said *William Godfroid*, until he is of age, and then to pay him the capital or part remaining, in case the interest would not be sufficient for his maintenance during his youth." He then gives the residue of his estate to his wife, after deducting from the same the above mentioned six thousand dollars.

The question to be decided by this court is, whether or not the legacy to *William Godfroid* was vested or contingent? The intention of the testator is the polar star by which courts of justice are always guided in the construction of last wills and testaments; and that intention, to be collected from the whole will, shall prevail, provided it does not conflict with the settled and established principles of law. It is laid down to be law, in the case of *Fonnereau vs. Fonnereau*, that where a legacy is given to a legatee when he shall have attained the age of twenty-five years, and the income or interest is directed to be applied toward his education, and a part of the principal to learn him a trade, that in such case the legacy shall be deemed a vested legacy. Lord *Hardwicke* held, that the time limited in the will was not intended to postpone the vesting of the legacy, but only the payment of it. Where the testator gives interest in the mean time, he gives a property in the principal, unless there be something on the face of the will to prevent its having such an operation, and the cause is, that the interest arises from the principal, and accrues by reason of it. But where maintenance is directed in the interim, it does not produce the effect of vesting the legacy, because it does not arise out of the principal, and has no necessary connexion therewith. It has been contended, that where the time of payment is limited *in futuro*, there must be words of present gift to make the legacy vest. As has been already observed, the intention of the testator is always to prevail, where the reason and policy of the law do not forbid it; and wills in favour of such intention, are always to be benignly construed. Wherever, therefore, there are strong circum-

stances to be collected from the will, indicating the inten. tion of the testator to be, that the interest in the bequest shall immediately vest, although there be a future time fixed for payment, such intention shall prevail, although words of immediate gift are wanting. In this case the testator directs that the sum of six thousand dollars should be reserved or set apart from his estate as a legacy to his son, to be invested in such manner as to produce an interest for his support and maintenance until he arrived at age, and that then the principal, or so much as remained of it, should be paid to the legatee. The testator here has given no direction as to the amount of interest so to be appropriated, but directs generally the interest to be applied to the support and maintenance of the legatee, and to those objects only, and it seems to be clear beyond controversy, that where the whole interest is so directed to be applied, the effect in legal operation is the same, as if the interest itself were given; in which case it seems to be conceded, that the legacy would undoubtedly vest. And not only has the testator contemplated the application of the entire interest to the purposes designated in his will, but he further contemplated, that those objects could not be attained without a partial appropriation of the principal, which alone, without mentioning any part of the interest, he directs to be paid to the legatee on his arrival at the age of twenty-one. It is then the opinion of this court, that the legacy of six thousand dollars vested in *William Godfroid* on the death of his father, and that the decree of the orphans court of *Baltimore* county be affirmed, with costs to the appellees. **DECREE AFFIRMED.**