(Decided June 29th, 1898.)

---

# LOTTIE VON DER HORST et al. *vs.* HENRY R. VON DER HORST et al.

*Interest on Pecuniary Legacy Payable in futuro—Person in Loco Parentis.*

The general rule is that a pecuniary legacy bears interest only from the time when it is made payable, although previously vested, unless the testator stood *in loco parentis* to the legatee, or there is something in the will to show testator's intention to give interest in the meantime.

A person *in locos parentis* is one discharging parental duties. The mere fact that a grandfather gives legacies to his grandchildren does not create the relation.

A grandfather bequeathed pecuniary legacies to his grandchildren " to be paid to them as they respectively arrive at the age of majority, but should either one or more of said children die before arriving at the age of majority, then the share to which such child would have been entitled if living, shall go into the residue of my estate."   *Held:*

1st. That these legacies are vested but defeasible upon a condition subsequent.

2d. That the legacies do not bear interest but each grandchild will be entitled upon attaining his majority to receive only the precise sum mentioned.

Appeal from a *pro forma* decree of the Circuit Court of Baltimore City.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE, BOYD and PEARCE, JJ.

*Francis T. Homer* (with whom was *George R. Willis* on the brief), for the appellants.

*Thomas R. Clendinen* (with whom was *Edward C. Carrington* on the brief), for the appellees.

McSHERRY, C. J., delivered the opinion of the Court.

The record now before us has been brought up by an appeal from a *pro forma* decree passed by the Circuit Court of Baltimore City. The will of John H. Von der Horst gives rise to the questions which we are required to decide. By one of the provisions of his will Mr. Von der Horst gave to his grandchildren, Charlotte, Harry and Percy, each the sum of ten thousand dollars, which amount, the will declares, " is to be paid to them as they respectively arrive at the age of majority, but should, however, either one or more of said children die before arriving at the age of majority, then the share to which such child would have been entitled to if living, shall go into the residue of my estate." Without quoting any other provision of the will or alluding to the controversy which seems to have arisen respecting other subjects in the settlement of the estate, because neither the one nor the other has the slightest bearing upon or relates in any way to the pending appeal, we proceed at once to dispose of the contentions growing out of the clause just transcribed. It is insisted by the guardian of the grandchildren that the legacies thus given to

them are vested and not contingent, and that, therefore, though the legatees have not attained majority, interest on the legacies is payable and will continue to accrue up to the periods when the legatees respectively reach the age at which they are, under the terms of the will, entitled to the possession of the funds.

There is no doubt, speaking generally, that the law favors the early vesting of estates; and when there are, by the terms of the will, two periods to which the vesting may, with equal propriety, be referred and the testator has left it in doubt which of the two he intended to be the period of vesting, the law will presume that he designed the earlier one.   He may, however, if he so chooses, fix a remote instead of an early period for the vesting of a legacy; provided of course he does not so far postpone the time of vesting as to infringe or trench on some settled and unyielding rule of law, and his intention, if capable of being carried out, will be given effect.   There are, as is well understood, no formal, fixed or technical words that must, or need, be used or employed to give expression to such an intention; and precisely because this is so, great diversity is to be found in adjudged cases where similar questions have been discussed.   But though a legacy may vest at once, the possession of the legacy may be deferred to some time in the future.   There may, therefore, be either an immediate vesting and a deferred possession, or a coincident vesting and possession.   In the will now before us the legacies are given to the grandchildren, not *at* or *upon* their attaining their majority, in which event the legacies would obviously not vest until or unless the legatees attained majority, but they are given immediately though the *possession*, or the payment of them, is postponed to, and made to depend on, a future contingency.   After remarking that there is hardly one case that can be cited as a precedent for another, it was said by LORD HARDWICKE in *Heath* v. *Perry*, 3 Atk. 102: " Some things are certain in these cases; for if a legacy is given generally *at* marriage or *at* twenty-one then the vesting and the time of payment are the same and the

legacy shall not vest until marriage or twenty-one."
These legacies are given, not at twenty-one or majority,
but at once, though their payment is made dependent
on a condition.    If the condition should fail to occur,
the amount of the legacy falls, by the terms of the will,
into the residuum.    It is clear, we think, that these
legacies to the grandchildren are vested legacies but
are defeasible upon the happening of a condition.    When
they cease to be defeasible they become payable.    Do
they bear interest in the meantime?

This inquiry is free from difficulty.    What the testator
declares in his will is, that upon each of the three grand-
children attaining majority each shall be paid ten thou-
sand dollars—neither more nor less.    There is no direc-
tion that interest shall be paid, nor is there anything said
in the will that indicates the testator's intention to give
interest.    A pecuniary legacy bears interest from the
time at which it is, by the terms of the will, made paya-
ble; and if no time of payment be fixed by the will it is
payable within the time limited by law and bears interest
from that date; and that is, ordinarily, after the expira-
tion of one year from the testator's death.    There is an
exception to this rule, and it arises where the testator
stands to the legatee *in loco parentis* and the legatee is
otherwise unprovided for.    Then, whether a future time
is fixed for payment or not, interest will be allowed from
the date of the testator's death.    *Budd* v. *Garrison*, 45
Md. 420.    LORD HARDWICKE further observed in *Heath*
v. *Perry, supra:* " To go one step further, where a legacy
is actually vested, as if given to A, payable at twenty-
one, yet it shall not carry interest unless something is
said in the will that shows the testator's intention to
give interest in the meantime."    There is nothing in the
will or in the record to exempt or except this case from
the operation of the general rule that a legacy bears
interest only from the time fixed for its payment.    The
testator did not stand *in loco parentis* towards the leg-
atees.    A person *in loco parentis* to a child is one who
means to put himself in the situation of the lawful father
of the child with reference to the father's office and duty

of making provision for the child.    Or, as defined by
Sir Wm. Grant, Master of the Rolls, a person *in loco
parentis* is one, " assuming the parental character and
discharging parental duties."    *Weatherby* v. *Dixon,* 19
Ves. 412.    The mere fact that a legacy has been given
by a grandfather to his grandchildren does not create the
relation.    There must be some indication, in some form,
of an intention to establish it.    It is a question of in-
tention.    Evidence of the intention may be found upon
the face of the will, as by the appointment of a guardian,
or, by directions respecting the education and main-
tenance of the legatee, or by a request that the father
shall not interfere in the bringing up of the child.    *Ward
on Leg.,* 307.    And so evidence of such an intention may
be found in the conduct of the testator and in the cir-
cumstances surrounding him and the beneficiary.    *Powys*
v. *Mansfield,* 6 Sim. 528; *Binkerhoff* v. *Merselis,* 24 N. J.
L. 683.    In this record there is nothing whatever from
which the existence of such an intention on the part of
John H. Von der Horst can possibly be inferred and the
intention to give interest on the legacies prior to the
time when the legacies themselves become payable is
nowhere even intimated.    We have a case, therefore, of
an ordinary pecuniary legacy, payable upon a contin-
gency at a future period, with no directions respecting
interest in the meantime, with no circumstances existing
to indicate that interest was intended to be paid, and
with no relation existing between the testator and the
legatees from which the law would imply that interest
was properly payable.    In these conditions, the duty of
the administrators c. t. a. will be fully discharged when
they shall pay to the legatees at the time named in the
will, the precise sums bequeathed to them.

   To require in the meantime the payment of interest
would, in effect, add a provision to the will which is not
there now; or would imply that the testator intended
interest to be paid because of the existence between him
and the legatees of the relation of parent and child
though there is not the slightest evidence that such a
relation did in fact exist.

These views dispose of the whole case.  As no interest is payable on these legacies at all, it becomes immaterial to inquire whether if interest were payable, the the date for beginning its computation would be the death of the testator or one year subsequent thereto. Holding as we do that the *pro forma* decree is right it will be affirmed with costs above and below.

> *Decree affirmed with costs above and below.*

(Decided June 28th, 1898.)