Opinion by
Orlad y, J.,
The testator bequeathed to the appellee the sum of $10,000 upon the following conditions: “In trust, to invest the same and keep the same invested in good dividend paying securities, and to pay the net income thereof quarterly to Edith Robinson, daughter of C. H. Robinson, deceased, of the city of Philadelphia, during her minority, or until she shall arrive at the age of twenty-one years, at which time she is to receive the said principal sum of ten thousand dollars and any accumulations of income thereof.”
The controversy is between Edith Robinson, who (acting through her trustee, who was also named by the testator as her guardian) claims the sum of $1,050 as unpaid interest on the legacy from the date of the testator’s death. Charles H. Robinson, the father of Edith, was a nephew of the testator, and Edith Robinson was sixteen years of age when the testator died, July 12, 1904. Her mother died prior to 1896, during which year her father also died, and Edith Robinson, an only daughter, was the only known person related to the testator by consanguinity. In 1892, when this claimant was but four years of age, she was placed by her father in a home in New York city on account of his inability to maintain her. In 1894 the testator evidenced his interest in his grandniece by tracing her to the home, and he thereafter provided for her maintenance there, and also in private families, by paying for her boarding, clothing, physicians’ bills, as well as making her special presents on holiday occasions and providing for her vacation expenses to the time of his death. Whilst this maintenance was not obligatory on him, yet, whatever the inducing cause or motive actuating this concern for his grandniece may have been, it must be taken as clearly established that he was personally interested in her welfare, and in both *195 his and in her mind such maintenance was her only source of support. These facts are particularly set out in the bill and are not distinctly denied in the answer.
The bequest provides for the “payment quarterly during her minority of the income,” and in the light of her helpless and dependent situation, the testator’s intention is manifest to provide for her wants as he had done in his lifetime. The will speaks from his death, and to take from her the interest' for the year following his death, would deprive her of that much of the income which is included in the term “quarterly during her minority.” The rule undoubtedly is that pecuniary legaciés are not payable until a year after the testator’s death, and in the meantime do not bear interest, but to this there are some well-recognized exceptions, such as a legacy by a parent to his child or by one in loco parentis, by way of maintenance, when the possession of the principal is deferred. Where interest in the nature of an annuity is given, if by implication from the terms of the instrument, the legacy is given for support: Townsend’s Appeal, 106 Pa. 268; 2 Redfield on Wills, 474; Theobald on Wills, 189; 2 Williams on Executors (7th Am. ed.), 742; 18 Am. & Eng. Ency. of Law (2d ed.), 798.
The proper definition of a person in loco parentis to a child, is a person who means to put himself in the situation of a lawful father of the child with reference to the father’s office and duty of making provision for the child: 2 Williams on Executors, 652; Seibert’s Appeal, 19 Pa. 49; Cooper v. Scott, 62 Pa. 139.
The relations between the testator and his grandniece which were voluntarily created by him, and the provision for quarterly payment during her minority of the whole income of the fund, as well as the naming of the same person to act as trustee of the fund and as her guardian, clearly indicate his intention to continue after his death the same system and provision for her maintenance which he had established and continued for a number of years prior to his death.
The decree of the orphans’ court is affirmed.