## Dime Trust & Safe Deposit Co., Etc., v. Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's Compensation Law—Dependency—Child born out of wedlock—In loco parentis.*

A child born out of lawful wedlock is entitled to receive compensation under the Workmen's Compensation Act of 1915 for the death of a grandfather who stood in loco parentis toward her. In a case where the referee awarded compensation to such a child, as a dependent, and there was evidence to support a finding of such relationship, the award will be sustained.

*Workmen's Compensation Law — Compensation agreement — Claim petition—Limitation upon time for filing—Section 315 of the Workmen's Compensation Act of 1915.*

The limitations of section 315 of the Workmen's Compensation Act of 1915, as to the time within which claim petition must be filed, do not apply to a case where the employing company recognized its liability, and entered into a compensation agreement.

Argued December 26, 1921. Appeal, No. 240, Oct. T., 1921, by defendant, from judgment of C. P. Northumberland County, Dec. T., 1919, No. 60, dismissing appeal from the award of Workmen's Compensation Board in the case of Dime Trust & Safe Deposit Company, Guard-

ian of Laura Lando, v. Philadelphia & Reading Coal &
Iron Company. Before ORLADY, P. J., PORTER, HENDER-
SON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from the Workmen's Compensation Board.
Before CUMMINGS, P. J.

The facts are stated in the following opinion filed by
the court below:

Frank Lando, an employee of the Philadelphia & Read-
ing Coal & Iron Company, died on May 11, 1917, having
been instantly killed in an accident in the course of his
employment for the defendant company, at its Bear
Valley Colliery, near Shamokin, this county, on June
19, 1917. Annie Lando, widow of Frank Lando entered
into a compensation agreement for the payment to her
by the defendant of compensation for the death of her
husband at the rate of forty per cent of the minimum of
ten dollars per week under section 307 of the Workmen's
Compensation Act of 1915, for the period of three hun-
dred weeks, payable semi-monthly, amounting to twelve
hundred dollars; Annie Lando, widow of the said Frank
Lando died on December 7, 1918, having been paid com-
pensation by the defendant company at the rate of forty
per cent of ten dollars, or four dollars per week from
May 11, 1917, to December 7, 1918, or for 82 4-6 weeks,
amounting to $328.67.

Laura Lando, claimant in this case, is an illegitimate
daughter of Rosie Lando, a daughter of Frank and
Annie Lando, and was born at or near Boston, Mass., on
March 18, 1907. She lived and was dependent upon her
grandparents, Frank Lando and his wife, Annie Lando,
from infancy and was living in their home at the time of
the accidental death of Frank Lando on May 11, 1917.
Laura Lando continued to live with and was dependent
upon Annie Lando, widow of Frank Lando until the
death of Annie Lando on December 7, 1918, since which
time she has been living with and dependent upon an
uncle by marriage, Staney Velence; she is without means

of support other than that which is given her by Staney Velence. Her aunt, Mrs. Staney Velence, died shortly after the death of her grandmother, Annie Lando. Staney Velence has since married and has a family of his own to support; Rosie Lando, mother of claimant, has been unheard of for many years, having left home after bringing Laura Lando to her grandparents and has never been heard from since.

Frank Lando, grandfather of the claimant, raised her from infancy and at the time of his death stood in loco parentis to the claimant, Laura Lando, in whose home she was then living; after the death of Frank Lando, Laura Lando continued a member of the household of Annie Lando, widow, and was dependent upon her until the death of the said Annie Lando on December 7, 1918.

Under the compensation agreement between the Philadelphia and Reading Coal and Iron Company and Annie Lando, widow, under the date of June 19, 1917, it does not appear that Laura Lando was a dependent of Frank Lando, the deceased employee.

The compensation board awarded to the guardian of Laura Lando, granddaughter of Frank Lando, a compensation from December 7, 1918, to February 9, 1923, or two hundred and eighteen weeks at $2.50 per week, being twenty-five per cent of the minimum of $10 per week amounting to $545 and from February 9, 1923, to March 18, 1923, when she arrives at the age of sixteen years for 5 1-3 weeks at fifteen per cent of $10 or $1.50 per week, amounting to $8, a total of $553 and costs of suit.

Two questions are raised by the appeal in this case:

1. That the claim was barred by the statute of limitations.

2. That the claimant being an illegitimate grandchild of Frank Lando, the deceased employee, did not come within the provisions of the Workmen's Compensation Act of 1915.

"Section 315 of the Workmen's Compensation Act provides as follows: 'In case of personal injury all claims for compensation shall be forever barred, unless, within one year after the accident the parties shall have agreed upon the compensation agreed to be paid under this article; or unless, within one year after the accident one of the parties shall have filed a petition as provided in article 4 hereof.'

"In case of death all claims for compensation shall forever be barred unless within one year after the death, one of the parties shall have agreed to compensation under this article or, unless within one year after the death one of the parties shall have filed a petition as provided in article 4 hereof. Where, however, payments of compensation have been made in such cases, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment."

In the case of John A. Hughes v. American International Shipbuilding Corporation and Employers Liability Assurance Corporation, 270 Pa. 27, in an opinion filed February 14, 1921, by SIMPSON, J.: John A. Hughes, an employee of the American International Shipbuilding Corporation, having received in the course of his employment, an injury which was then supposed to be trivial, with the consent of the Workmen's Compensation Board entered into a compensation agreement with his employer, by which it agreed to pay to him in full the injuries sustained, the sum of $10 per week for six weeks. Payments were made and receipted for up to May 13, 1918, at which time the ten weeks expired. It subsequently developed that the injury was serious, causing a total loss of the use of his left hand; whereupon, on January 13, 1920, he filed a petition with the board asking a review of the compensation agreement, and that an order be made in his favor to cover the injury actually suffered. An answer was filed, testimony taken, the petition sustained, the agreement set aside, and an appropriate order made in accordance with the facts found. Exceptions

128 DIME T. & S. D. CO. *v.* PHILA. & R. C. & I. CO., Appel.

Opinion of Court below. [78 Pa. Superior Ct.

thereto, filed on appeal to the court below, were over-
ruled by it, and judgment entered for plaintiff; where-
upon the employer and its insurance carrier took an ap-
peal to the Supreme Court.

In this case the court said: "The only question raised
is whether the petition for review, which, as above
shown, was filed more than one year after the last pay-
ment, was too late because of the limitation specified in
the last sentence of section 315 of the Workmen's Com-
pensation Law as follows:

" 'In cases of personal injury, all claims for compensa-
tion shall be forever barred, unless, within one year after
the accident, the parties shall have agreed upon the
compensation payable under this article; or unless,
within one year after the accident, one of the parties
shall have filed a petition as provided in article four
hereof. In cases of death all claims for compensation
shall be forever barred, unless within one year after the
death, the parties shall have agreed upon the compensa-
tion under this article; or unless, within one year after
the death of one of the parties shall have filed a petition
as provided in article four hereof. Where, however, pay-
ments of compensation have been made in any case, said
limitations shall not take effect until the expiration of
one year from the time of the making of the last pay-
ment.'

"It is admitted by appellant that if the last sentence
does not cover a different class of limitations from those
specified in the preceding sentences, the judgment of the
court below should be affirmed: and therefore it con-
tends that this sentence should be so read as to require
a petition for review of a formal agreement or order, to
be filed within one year after the last payment there-
under, although the rest of the section relates only to
limitations upon the date of commencing the proceeding
after the accident or death.

"Its argument to sustain this contention turns exclu-
sively on the use of the words 'in any case,' and it may be

admitted that if this sentence stood alone their contention would be sound. It does not stand alone, however, and we are of opinion that taking the section in its entirety (noscitur a sociis), those words refer to the limitations in 'case' of personal injury, and those in 'cases' of death, specified in the preceding parts of the section. ......It will be noticed also that when the legislature clearly intended to limit the time within which proceedings must be taken, it always stated its purpose affirmatively, whereas the sentence relied on by appellants is negative in form, thereby showing a design not to express a further limitation, but an extension of the time referred to in the preceding sentences, if and when the circumstances detailed in the last sentence should be found to exist. This is made clear by the language used. The words 'said limitations' in a sentence under consideration can only refer to the limitations theretofore specified, and it is 'said limitations' which 'shall not take effect' until the expiration of the time provided, and not 'new limitations' which shall 'take effect.' It follows that the only point raised must be decided adversely to appellants."

By section 307 of the Workmen's Compensation Act, compensation is to be paid in case of death as follows:

"1. To the child or children, if there be no widow, nor widower entitled to compensation, thirty per centum of wages of deceased, with ten per centum additional, for each child in excess of two, with a maximum of sixty per centum, to be paid to their guardian.

"2. To the widow or widower, if there be no children, forty per centum of wages.

"3. To the widow or widower, if there be one child, fifty per centum of wages."

By section 307 of the Workmen's Compensation Act, compensation is to be paid to the widow for 300 weeks and in case of children entitled to compensation, the compensation to the child is to continue until the child is sixteen years of age.

130 DIME T. & S. D. CO. *v.* PHILA. & R. C. & I. CO., Appel.

Opinion of Court below. [78 Pa. Superior Ct.

Section 307 also provides:

"If the compensation payable under this section to any person shall, for any cause, cease, the compensation to the remaining persons entitled thereunder shall thereafter be the same as would have been payable to them had they been the only person entitled to compensation at the time of the death of the deceased."

Under the above provisions of the act of assembly compensation for death is paid to the widow, if she shall survive her husband in a graduating scale from forty per cent of wages to fifty per cent of wages, depending on the survival of children under sixteen years of age and she is paid this compensation for three hundred weeks.

A child's individual right to compensation only exists in the absence of a dependent parent, or in cases where a dependent parent re-married during the lifetime of the compensation agreement.

Where a dependent parent survives, the child's right to compensation in its own capacity depends on one of two things—payment to the dependent parent of compensation for 300 weeks, or death of the dependent parent.

Laura Lando being under sixteen years of age was not entitled to sue for compensation while she had a dependent parent living, and her right in her individual capacity, to sue in this case, started from the death of her grandmother and she having filed her claim petition within one year from that date, is clearly within her rights.

As to the second question raised, "Workmen's Compensation Act, paragraph 7 of section 307, provides:

" 'The terms "child" and "children" shall include stepchildren and adopted children and children to whom he stood in loco parentis, if members of decedent's household at the time of his death, and shall include posthumous children.' "

The referee found as a fact that Laura Lando was raised from her infancy by Frank Lando and at the time of his death he stood in loco parentis to Laura Lando, in whose home she was living, and at such time Laura Lando was a member of the household of Frank Lando.

In Words and Phrases, volume 43,477, the definition of when a person is "in loco parentis" towards a child is as follows:

"The proper definition of a 'person in loco parentis' to a child is a person who means to put himself in the situation of a lawful father to the child, with reference to the office and duty of making provision for the child."

In 29 Cyc. 1670 "a person standing in loco parentis to a child is one who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation, without going through the formalities necessary to a legal adoption. The assumption of the relation is a question of intention."

In Zumac et al. v. P. T. R. R. & Coke Co., 3 Department Reports 2986: "A child who was a cousin of the deceased was considered by the deceased as his own child and it was therefore entitled to compensation."

We believe that the referee was correct in holding that Frank Lando stood "in loco parentis" to Laura Lando, and that her claim is not barred by the statute of limitations.

And now, to wit, May 8, 1921, the appeal is dismissed and judgment is hereby directed in favor of the guardian of Laura Lando and against the Philadelphia and Reading Coal and Iron Company in the sum of $553 and costs of suit.

*Error assigned* was the order and decree of the court, quoting it.

*Voris Auten,* and with him, *B. D. Troutman,* for appellants.—The claim petition was not presented within the time allowed by law for filing petition: Hedley v.

132 DIME T. & S. D. CO. *v.* PHILA. & R. C. & I. CO., Appel.

Arguments—Opinion of the Court. [78 Pa. Superior Ct.

Baldwin Locomotive Works, 4 Department Reports 33; Dolan v. Philadelphia & Reading Coal & Iron Co., 4 Department Reports 300.

The Workmen's Compensation Act of 1915 does not provide compensation for illegitimate grandchildren: Litzinger v. State Workmen's Insurance Fund, 3 Department Reports 1655; Splitdorf Electrical Co. v. King (N. J. L.) 103 Atlantic 674.

*Roger J. Dever,* for appellee.—The findings of the Workmen's Compensation Board are supported by competent evidence, and are final: Stahl v. Watson Coal Co., 268 Pa. 452.

The one year limitation of section 315 does not apply to cases where defendant has by compensation agreement recognized its liability for compensation: Hughes v. American International Shipbuilding Corporation, 270 Pa. 27.

OPINION BY HENDERSON, J., December 12, 1921:

The appellant resists the claim of the petitioner for compensation on two grounds: 1. That she is not within any of the classes who are entitled to compensation under the statute, and, 2, that her claim, if otherwise valid, is barred by the limitation of the 315th section of the Compensation Act. The petitioner is a child born out of lawful wedlock of a daughter of Frank Lando who was killed while working as a miner in one of the appellant's mines. The referee found that Frank Lando stood in loco parentis to Laura Lando and this finding was affirmed by the compensation board. The evidence fully supported the finding and it must be taken as an established fact that the petitioner sustained a relation to Frank Lando which places her in one of the classes named in the 307th section of the statute.

It is conceded that the appellant entered into a compensation agreement with the widow of Frank Lando under which payments were made to her weekly to the

time of her death, December 7, 1918, and that the petition was filed in this case June 24, 1919. The appellant contends that the appellee's petition was filed too late because of the limitation contained in the 315th section of the act. That section applies to cases of personal injury and to cases of death. It will be observed that the limitation takes effect only when no agreement was made for compensation within one year after the death or where no party has filed a petition within that period as required by the statute. The trial court held that the statute does not apply to a case where the employment company recognized its liability and entered into a compensation agreement, as in this case; basing his conclusion on the language of the act and the decision in Hughes v. American I. S. Corp., 270 Pa. 27. The case was well considered in the opinion of the trial judge and it is unnecessary to enter into further discussion of the question presented. The appeal is dismissed and the judgment affirmed.

