Opinion by
 

 Keller, P. J.,
 

 This appeal calls for a construction of section 307 of the Workmen’s Compensation Act of June 2, 1915, P.
 
 L.
 
 736, as
 
 amended
 
 by Act of April 26, 1929, P. L. 829, with special reference to the phrase, “children to whom he stood in loco parentis.”
 

 In listing the persons entitled to compensation in case of the injured employee’s death, the act mentions children under the age of sixteen and says: “The terms ‘child’ and ‘children’ shall include stepchildren and adopted children and children to Avhom he [the deceased employee] stood in loco parentis, if members of decedent’s household at the time of his death,” etc.
 

 The narrow question is presented here whether a grandfather can stand “in loco parentis” to his grandchildren while their father is alive, and all live in the
 
 *353
 
 same household with the grandfather. The referee, and the board, found that the deceased employee, Mike Ryan, stood in loco parentis to his grandchildren, the claimants, Robert Renovich and Will Renovich, and that they were members of his household, and consequently made an award in their favor. The court affirmed and entered judgment on the award.
 

 We think in the circumstances present in this case the findings were justified and the award was proper, and the judgment should be affirmed.
 

 The relevant findings of the referee, approved by the Board, are as follows:
 

 “Seventh. That on May 31, Mike Ryan, deceased, went to reside with his married daughter, Mildred Renovich, and lived with, her continuously until the time of his death.
 

 “Eighth. That the husband of Mildred Renovich (Mike Renovich) though living with his wife and children has been, for some time prior to May 31, 1931, suffering with phlebitis and unable to work or provide for his family.
 

 “Ninth. That the purpose of Mike Ryan, deceased, moving into the home of Mike Renovich (son-in-law) was in order to provide for the family of Mike Renovich (son-in-law), consisting of the '¡son-in-law, daughter and two grandsons.
 

 “Tenth. That Mike Ryan, deceased, gave his entire pay to Mildred Renovich to be used in the maintenance of the entire household.
 

 “Eleventh. That Mike Renovich (son-in-law) was receiving $50 per month since October, 1932, from a health and accident policy; said money was used and actually necessary for medical attention and medicine in his own behalf, no portion of which was used for the family support.
 

 “Twelfth. That Robert Renovich, born August 23, 1925 and William Renovich, bom August 16, 1922 are
 
 *354
 
 the grandsons of Mike Ryan, deceased, who were living with him and entirely dependent on him for support.”
 

 Prom these findings the referee made the following conclusions of law:
 

 “Second. That the deceased died as a result of an accident received in the course of his employment and that the deceased stood in loco parentis to his grandsons.
 

 “Third. That the grandsons are entitled to recover compensation according to Section 307 (7) of the Workmen’s Compenation Act and its amendments,” and made an award accordingly.
 

 The accepted definition of one “in loco parentis” is, “one who means to put himself in the situation of a lawful father to the child,
 
 with reference to the office and duty of making provision for the child”: Robinson’s Est.,
 
 35 Pa. Superior Ct. 192, 195; 31 C. J. 358, note 77 [a]; or “A person assuming the parental character, or discharging parental duties”:
 
 Wetherby v. Dixon
 
 19 Ves. Jr. 407, 412;
 
 Vonder Horst v. Vonder Horst,
 
 88 Md. 127, 41 A. 124.
 

 In
 
 Moritz v. Garnhart,
 
 7 Watts 302, Chief Justice Gibson held that a grandfather, who cared for and maintained the illegitimate minor child of his daughter, could maintain an action
 
 in loco parentis
 
 for the loss of her service. In
 
 Dime T. & S. D. Co. v. Phila. & R. C. & I. Co.,
 
 78 Pa. Superior Ct. 124, this court affirmed an award of compensation in favor of a child — the illegitimate child of the daughter of the deceased employee— who lived with and was supported by her grandfather, on the ground that he stood
 
 in loco parentis
 
 to her. In
 
 Mayfield v. Kerr,
 
 102 Pa. Superior Ct. 532, 157 A. 506, an award in favor of six minor children was sustained on a finding that the deceased employee stood
 
 in loco parentis
 
 to them, where the facts found were, that they and their mother, having been deserted by their father, came to live with their grandmother and uncle — their
 
 *355
 
 mother’s brother — and were supported and maintained by the latter until his death in the course of his employment. The father was living but had deserted his family and was not supporting the children. In
 
 Seibert’s App.j
 
 19 Pa. 49, the testator, Henry Hirsch, devised to his executor, Christian Seibert, the third part of his estate in trust to hold the same during the life of testator’s daughter, Margaret Roland, intermarried with Samuel Roland, and after her death, the said third part to be divided among her children, as they arrived at the age of 21 years. Margaret died leaving a husband and eight children, of whom William and Rebecca were minors.
 
 Their father was living bpt not of ability to maintain them
 
 (p. 51). The orphans’ court on petition of their guardian ordered that the interest on the fund due to William and Rebecca be applied to their future support and education. The Supreme Court in affirming the decree said (p. 56): “ ‘The statute of Elizabeth imposes the same obligations upon a grandfather and grandmother, as upon the parents; which is the sense of the legislature and of mankind’; 6 Ves. Jr. 546. In Pennsylvania, the grandfather, as well as the father, is required by the Act of 13th June, 1836, section 28, to relieve and maintain his grandchildren, when their necessities require it. This statute is in accordance with the moral sense of mankind ...... If there is anything in the argument in favor of awarding interest on a legacy to a child, resting upon the presumption that a parent did not intend that his children should starve, the presumption holds, with equal strength, where the parent is dead, and the grandchildren are in the will substituted to the legacy previously given to the parent for life. If a testator, by benevolent manifestations, may put himself
 
 in loco parentis,
 
 so as to entitle a stranger to maintenance, much slighter circumstances will bring the case of a grandchild within that rule.” In
 
 Com. v. Milne,
 
 90 Pa. Superior Ct. 68, we considered
 
 *356
 
 at some length a grandfather’s responsibility under our statutes, — which are all modeled on section 7 of the Act of 43 Elizabeth c. 2, — for the support and maintenance of his grandchildren, and we reversed the order of the court below only because the father of the grandchildren was at the time furnishing them with reasonably adequate support and maintenance, having regard to his circumstances and station in life. Had the father, in that case, been disabled by illness from supporting his children, the grandfather would have been liable for their support, and while maintaining them, and thus discharging the parental duty of providing for them, would have stood “in loco parentis” to them.
 

 In
 
 Vonder Horst v. Vonder Horst,
 
 88 Md. 127, 41 A. 124, and
 
 Marsh v. Taylor,
 
 43 N. J. Eq. 1, Id A. 486, which concerned grandchildren, the same distinction was made. The grandfather in each case was held not to stand in loco parentis to his grandchildren while the father was alive and able to provide for his children, in the absence of an
 
 intention
 
 to assume the relation. See 41 A. 126 and 10 A. 488, respectively. Had it appeared in those cases that the father was so physically disabled as to be unable to work and support his children, the intention of the grandfather to assume an “in loco parentis” relationship to them would have been manifest.
 

 We are of opinion that the intent of Mike Ryan not only to fulfill his legal obligations to his grandchildren, but also to stand in loco parentis to them, within the contemplation of the Workmen’s Compensation Act, is established in this record and that the award of compensation in their favor is sustained by the evidence.
 

 Judgment affirmed.