SAMUEL R. HOPKINS *v.* SAFE DEPOSIT & TRUST CO. OF BALTIMORE, ET AL.

[No. 15, January Term, 1945.]

*Decided April 12, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, and MARKELL, JJ.

*Wilson K. Barnes*, with whom was *Carman, Anderson & Barnes* on the brief, for the appellant.

*Douglas H. Gordon* for the appellees.

GRASON, J., delivered the opinion of the Court.

Archibald H. Taylor died August 17, 1928, leaving a last will and testament which was duly admitted to probate in the Orphans' Court of Baltimore City.

In Item II he directed to be paid and charged to the principal of his estate all lawful inheritance or estate taxes, as the same should fall due, upon the annuities and life estates which were provided for in subsequent provisions of the will.

By Item III he gave all the rest and residue of his estate at the time of his death (excepting proceeds of life insurance policies on his life) to trustees, to manage and control the same, and to pay out of the income thereof the annual installments of the annuities provided for in the will, the taxes, and pending the lives or after the death of the several annuitants and life tenants, to pay the "legacies and devisees," and make final distribution of the estate in their hands as provided for in the will.

By Item VIII he directed the trustees to pay out of the net income of said estate the whole balance of said net income of the same to his widow for and during her life, with authority to pay his widow an additional sum of $5,000.00 *per annum* out of the *corpus* of the estate in the hands of the trustees in such amounts and at such time as she may request in writing.

Item IX of the will is as follows:

"After the death of my said wife, said trustees shall pay out of the net income of said trust estate to and for the benefit of Anne Seymour Hopkins, daughter of my friend, the late William A. Jones, the sum of Five Hundred Dollars ($500) annually for her life, said payment to be continued after her death to her son, Archibald Taylor Hopkins, until he shall have arrived at the age of thirty years, when the full sum of Six Thousand Dollars ($6,000.00) shall be paid to him from the accumulated income and principal of the estate in the hands of said trustee, in commutation of said annuity of Five Hundred Dollars ($500)."

Item XVIII provides: "And if there is found any property whatsoever belonging to the estate of the said testator at the time of his death which is not totally and finally disposed of by the foregoing clauses or items of this my Will and Testament, the same is hereby given to

my niece Genevieve Welling Taylor, hereinbefore mentioned, to be hers absolutely and in fee simple."

We are concerned with these items.

Mary Martha Taylor, widow of testator, died on June 2, 1943. Anne Seymour Hopkins and her son, Archibald Taylor Hopkins, died as a result of an automobile accident, in June, 1940 (the son being seventeen years old at the time), the mother dying two days before the son.

Samuel R. Hopkins, administrator of the estate of Archibald Taylor Hopkins, deceased, claims that there is due him as administrator by the substituted trustee under Item IX of the will, $6,000 in commutation of the $500 annuity to be paid as in said item directed. The proceedings in this case were instituted for the purpose of the construction of the will by the court and for direction to the substituted trustee in the final distribution of the estate. The Chancellor below, among other things, held that the $6,000 to be paid in commutation of the $500 annuity lapsed, and decreed that the same should be paid by the trustee to Genevieve Welling Taylor under Item XVIII of the will. From these provisions of the decree Samuel R. Hopkins, administrator as aforesaid, appeals to this court.

The testator's widow survived Mrs. Hopkins and her son for three years. By the plain language of Item IX the annuity was not directed by the testator to be paid to Mrs. Hopkins or her son until the death of his widow. No claim is made by the appellant for the payment of annuities that have accrued since the death of Mrs. Taylor and neither is it contended that the annuity should be paid yearly until the time when the son would have attained the age of thirty years, if living. The appellant, therefore, seems to treat the annuity and the $6,000 to be paid in commutation thereof, as separate and distinct. Mrs. Hopkins and her son, no doubt, expected to receive the annuity in the event they survived Mrs. Taylor. But the expectancy did not mature, because they did not survive the widow of the testator. It is plain, therefore, that the annuity lapsed when they died. This being so, there was nothing to commute.

548

By the unfolding of events, the $6,000 directed to be paid in Item IX was rendered inoperative and void. The testator did not set aside a specific sum of $6,000 for the purpose of commuting the annuity, and it is apparent that sum would not produce annually $500 at legal interest. There is no direction that any part of it was to be paid to either Mrs. Hopkins or her son during her life or before the son attained thirty years of age. This case, therefore, is not like the case of *Lemonnier v. Godfroid's Adm'rs,* 6 Har. & J. 472. Here the language of Item IX as to the $6,000 to be paid in commutation of the annuity contains no words of present gift that made the same vest at the time of the death of the testator. When the provision for the payment of the annuity was nullified upon the death of Mrs. Hopkins and her son during the life of Mrs. Taylor, the $6,000 directed to be paid in commutation thereof became merely a sum of money to be paid to Archibald Taylor Hopkins when he attained the age of thirty years.

"Some things are certain in these cases; for, if a legacy is given generally at marriage or at twenty-one, then the vesting and the time of payment are the same, and the legacy shall not vest until marriage or twenty-one." *Von der Horst v. Von der Horst,* 88 Md. 127, 41 A. 124, 125.

As the annuity failed, and the $6,000 did not vest at the time of testator's death, but was to be paid Archibald Taylor Hopkins only when he attained the age of thirty years, it lapsed upon his dying before attaining that age. See *Safe Deposit & Trust Co. v. Bouse,* 181 Md. 351, 29 A. 2d 906; *Perkins v. Iglehart,* 183 Md., 39 A. 2d 672.

The case of *Bromley v. Wright,* English Report (Full Reprint) 68, page 137, 139, is relied on by appellant as an authority to support his contention. In that case testator bequeathed certain annuities to be paid for a period of ten years from the decease of the survivor of himself and his wife, and at the expiration of that term he bequeathed to the annuitants, respectively, a certain sum. It was contended

that the sum bequeathed absolutely to each annuitant did not vest at testator's death, but that each gift was contingent upon the annuitant surviving the ten-year period. It was held that the legacies vested at the death of testator and were not contingent upon the legatees surviving the term of ten years; it appearing by the terms of the will that the annuities were absolute for ten years, whether the annuitants lived for that time or not, and that the respective gift to each legatee was payable when his annuity ceased. It was pointed out that the annuities continued until the legacies were payable and that it was a circumstance "not undeserving of attention," that the annuities (with the exception of one) were the exact amount of the interest on the respective legacies at five pounds per cent.

In this case the annuity never came into being, for Mrs. Hopkins and her son died before it was payable to either of them, and it bears no relation to legal interest on $6,000. We think the facts in the Bromley case are almost directly opposite to the facts here, and the decision in that case supports the Chancellor's decree. As the provision for the payment of $6,000 in commutation of the $500 annuity provided for in Item IX of the will lapsed, it was payable to Genevieve Welling Taylor under Item XVIII of the will. For the reasons given, the decree of the learned Chancellor below will be affirmed.

*Decree affirmed, with costs to appellee.*