Kransky *v.* Glen Alden Coal Company, Appellant.

Argued November 14, 1945. Before RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (BALDRIGE, P. J., and HIRT, J., absent).

*Franklin B. Gelder,* with him *J. H. Oliver,* for appellant.

*Frank J. Flannery,* with him *Patrick J. Flannery,* for appellee.

OPINION BY ROSS, J., January 18, 1946:

In this workmen's compensation case the referee awarded compensation to Joan Edith Coates, minor granddaughter of Edith Coates (Mrs. John Kransky), for the death of John Kransky, who was killed in the course of his employment with the Glen Alden Coal Company on August 6, 1941. The board affirmed the referee, the court below sustained the board, and this appeal followed.

For some years previous to the time of his death, John Kransky and the minor claimant's grandmother, Edith Coates, lived continuously together in a meretricious relationship. It was found by the compensation authorities that the minor claimant, Joan Edith Coates, lived in the decedent's household from her birth on July 29, 1940, to the time of his death; was wholly dependent upon him for support and maintenance and received her entire support and maintenance from him; and that from the time of her birth John Kransky stood in loco parentis to her.

Section 307 of the Workmen's Compensation Act of June 2, 1915, P. L. 736 (as amended June 4, 1937, P. L. 1552, and June 21, 1939, P. L. 520, sec. 1; 77 PS sec. 562) provides, inter alia: "Compensation shall be payable under this section to or on account of any child, brother, or sister, only if and while such child is under the age of sixteen . . . If members of decedent's household at the time of his death, the terms 'child' and 'children' shall include step-children, adopted children, and children to whom he stood in loco parentis . . ."

A person in loco parentis to a child is one who means to put himself in the situation of a lawful father of the child with reference to the father's office and duty of making provision for the child. *Robinson's Estate*, 35. Pa. Superior Ct. 192; *Renovich v. Bethlehem Mines Corporation*, 131 Pa. Superior Ct. 351, 200 A. 122; *Pearson's Estate*, 251 Pa. 612, 97 A. 71. A household means a domestic establishment under a single head or manage-

ment. *Hoff et al. v. Hoff et al.*, 132 Pa. Superior Ct. 431, 1 A. 2d 506. The words "family" and "household" are often interchangeably used, and it has been said that all persons who dwell together under a common head as a household are embraced by the word "family". *Bair v. Robinson*, 108 Pa. 247.

The appellant contends that because the decedent and the minor's grandmother lived in a meretricious relationship in the household, the minor claimant is not entitled to compensation, but with that contention we do not agree.

In *Morris et al. v. Glen Alden Coal Co.*, 136 Pa. Superior Ct. 132, 7 A. 2d 126, this Court, speaking through CUNNINGHAM, J., stated: "Realizing that in many families there are boys and girls under sixteen who were not begotten by the head of the family, but for all practical purposes are members of the household and treated and maintained as such, the legislature, by the use of the following language vested in such boys and girls a conditional right to receive compensation for the accidental death of the head of the family: 'The terms "child" and "children" shall include . . . children to whom he stood in loco parentis, *if members of decedent's household at the time of his death.'* " To support an award under this section to children to whom a deceased employee is alleged to have stood in loco parentis there must be proof of two co-existing conditions: (a) That the deceased employee stood in loco parentis to the children; (b) That such children were members of the deceased's household at the time of the death. *Brovdy et al. v. Jones & Laughlin Steel Corporation*, 145 Pa. Superior Ct. 602, 21 A. 2d 437; *Werner et al v. Allegheny County et al.*, 153 Pa. Superior Ct. 10, 33 A. 2d 451.

Under the evidence in this case the minor claimant met the burden of proving the necessary two co-existing conditions and her right to compensation cannot be defeated by any meretricious relationship that existed between other members of the household.

Judgment is affirmed.