Fitzpatrick *v.* Hudson Coal Company, Appellant.

54

Argued March 4, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Francis D. Mahon,* with him *R. S. Houck,* for appellant.

*William A. Bissell,* with him *Stark, Bissell & Reifsnyder,* for appellee.

OPINION BY HIRT, J., April 12, 1946:

It is conceded that Cornelius Fitzpatrick was killed in an accident on August 10, 1943 within the course of his employment with defendant, and that claimant, in her right as widow, is entitled to compensation. She also claimed compensation on behalf of two grandchildren on the ground of their dependency on decedent. As to them, the referee found: "That the decedent supported and stood 'in loco parentis' to his two grandchildren Betty Anne Collins, born October 31, 1939 and James Francis Collins, born August 15, 1942. We find as a fact that the said grandchildren were members of the household of the decedent at the time of his death and dependent upon him for support." The finding is supported by sufficient competent evidence and we may not disturb it. The referee also concluded as a matter of law that

decedent stood 'in loco parentis' to the children. The board adopted the referee's findings and conclusions, and both the board and the court affirmed the award, which included compensation for the children. The single question is whether, on the testimony upon which the above finding rests, (viewed in the light most favorable to the children, *Brown v. Union Collieries Co.,* 153 Pa. Superior Ct. 293, 33 A. 2d 786) we may say that the conclusion is unsupported in law. If decedent stood in loco parentis to these grandchildren and they were dependent upon him in the sense of the statute, they are entitled to compensation, since it is conceded that they were members of his household at the time of his death. §307 of the Workmen's Compensation Act as amended, June 21, 1939, P. L. 520, 77 PS 562.

In July 1942, after her husband had deserted his family, Anna F. Collins, a daughter of decedent came to his house with her daughter Betty, then less than three years old. One month later her son James was born in decedent's home. The two children and their mother continued to live with decedent as members of his family until his death. Throughout the period, decedent accepted responsibility for the support of the children and maintained them in his home at his expense and paid the cost of their medical and hospital care. The mother of the children was employed only occasionally and her earnings were small. She and her sisters supplied some clothing for the children. But these small contributions to the maintenance of the children do not defeat the claim of dependency. All other support and maintenance of the children was supplied by decedent. While dependency must be actual it is not necessary that it be exclusive; it must be real but need not be total. *Mayfield v. Kerr,* 102 Pa. Superior Ct. 532, 157 A. 506; *Howard v. McClane,* 146 Pa. Superior Ct. 212, 22 A. 2d 225.

But even so, appellant contends that decedent, in law, did not stand in loco parentis to the children because

their father, who had deserted them, is legally liable and financially able to pay for their support. "The accepted definition of one 'in loco parentis' is, 'one who means to put himself in the situation of a lawful father to the child, *with reference to the office and duty of making provision for the child'*: Robinson's Est., 35 Pa. Superior Ct. 192, 195; 31 C.J. 358, note 77 [a]": *Renovich v. Bethlehem Mines Corp.*, 131 Pa. Superior Ct. 351, 200 A. 122. The question, in construing the compensation act, is largely, although not wholly, one of the intention of one who has assumed the obligation of a parent to support and maintain children, not his own. Our compensation cases recognize that elements, other than mere voluntary assumption of support are to be considered in determining whether one stands in loco parentis to dependent children, although members of his household. In *Dime T. & S. D. Co. v. Phila. & R. C. & I. Co.*, 78 Pa. Superior Ct. 124, the child was illegitimate and the whereabouts of the mother unknown. In *Mayfield v. Kerr*, supra, the father of the children had deserted them years before the claim of compensation arose. In *Renovich v. Bethlehem Mines Corp.*, supra, the father of the children was unable to work because of physical disability. In *Flinn v. Sonman Shaft Coal Co.*, 153 Pa. Superior Ct. 76, 33 A. 2d 525, the natural father was dead. From the importance attached to these considerations, in determining the right to compensation, we may assume that the cases have impliedly recognized that the status in loco parentis, may exist in fact but without the correlative incidents of the relationship when established both in fact and in law. In death cases, the purpose of the law is to provide compensation, as a substitute for the support of dependents by a decedent in his lifetime. But where a natural father is physically and financially able and is amenable to process adequate to compel him to discharge his legal duty, the undertaking of a decedent voluntarily assumed during his lifetime may not

be passed on to the employer of the decedent under the compensation law, to the further relief of the natural father.

That however is not the situation here. The mother secured a divorce from her husband in 1943. At about that time she also brought proceedings for the support of the children but was unable to get service of the warrant on their father. Except for a short period after the separation she did not know where he could be found. After his desertion of his family, he at long intervals called his daughter by long-distance telephone and occasionally sent her a post card. The wife was unable to ascertain the origin of the calls and the various postmarks on mail were not clues to his whereabouts. He was a railroad man, and had worked for a number of different employers. It is possible that the mother, by diligent inquiry, might have located him. But the fact remains that defendant has not shown where he may be found and since the father has been careful to remain outside this State, any action, including extradition on a charge of desertion of children, even if he could be located, would be of doubtful efficacy. Support orders regardless of the form of the proceeding are among the most difficult to enforce against the unwilling. To defeat a claim for compensation, there must be something more than a remote possibility of compelling performance of a support order. And in construing the avowedly liberal compensation law, we may not be too ready to deprive children of an award merely because their natural father is living and could support them if he would.

Under the circumstances of this case we are of the opinion that it was not necessary that every remedy be exhausted, however futile, to compel the father to support his children as a prerequisite to a valid award of compensation for their benefit. The fact that decedent here voluntarily assumed the obligation of support does not in itself affect his legal status, as one in loco pa-

rentis under the intent of the compensation law. The grandchildren in this case are entitled to compensation.
Judgment affirmed.