Kennedy *v.* Rossi et al., Appellants.

Argued October 2, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Raymond J. Porreca,* with him *Raymond A. White, Jr.,* for appellants.

*Alexander F. Barbieri,* for appellee.

OPINION BY HIRT, J., November 13, 1956:

Ennis Kennedy was killed on September 30, 1953, as the result of an accident in the course of his employment with defendant. The referee made an award of compensation benefits in favor of the widow-claimant which both the board and the lower court affirmed. This claimant's right to recover is dependent on the validity of a common law marriage entered into by her with the decedent in December 1948.

In 1937 the claimant had married one Henry Miller in the State of North Carolina. Two children were born of that marriage, one of them a son, George Washington Miller, who also was awarded compensation in this case as a dependent of decedent to whom he stood in loco parentis. Claimant separated from Henry Miller in 1938 and on October 1, 1944, she and Ennis Kennedy secured a marriage license in South Carolina and entered into a ceremonial marriage. From October 4, 1944 until the date of Ennis' death he and claimant lived together as husband and wife and her son George lived with them as a member of the household, and was supported by decedent. After the parties had moved to Philadelphia in 1945 the claimant for the first time learned that the decree of divorce dissolving her marriage with Henry Miller had not been entered until January 19, 1948. In law therefore the relationship of Ennis Kennedy with this claimant was meretricious

although the marriage contract was innocently entered into by both of them in 1944.

These are the circumstances attending the remarriage of claimant to Ennis Kennedy on December 25, 1948: The civil contract was entered into in the presence of one William Harding, referred to by claimant as a "minister of the gospel." There is no evidence that he had been invested with ministerial authority by ordination in the Christian ministry of any religious sect. He undoubtedly, as appellee suggests, was but a South Carolina preacher without ministerial standing in any church. In the light of what transpired however his lack of official status is unimportant. Claimant testified "He asked me would I take Ennis Kennedy to be my lawful husband and I said: 'I do.' " and that he said to Ennis Kennedy: "Would he take Artincy Kennedy to be your lawful wife," and that Ennis Kennedy said: "Yes."

There is no competent evidence that either party was disqualified from entering into this marriage contract in 1948. The language used was in terms of the present and a valid common law marriage was the result under the law, as it has existed ever since the leading case of *Hantz v. Sealy*, 6 Binn. 405. Cf. *Buradus v. Gen. Cement Prod. Co.*, 159 Pa. Superior Ct. 501, 48 A. 2d 883. And it is unimportant that the finding of a common law marriage rests upon the testimony of claimant alone. *McGrath's Estate*, 319 Pa. 309, 179 A. 599. Moreover the integrity of the marriage is attested by the fact that the parties thereafter lived together as husband and wife for more than five years until the accidental death of the husband.

As to claimant's son, George Washington Miller, the testimony is that this boy continuously since October 4, 1944, was a member of decedent's household and was

maintained by him. And the board found that the boy was Ennis Kennedy's stepson and that he stood in loco parentis to the child at the time of his death. *Norris v. Phila. Life Ins. Co.*, 137 Pa. Superior Ct. 293, 9 A. 2d 159. The award of compensation for this dependent boy is valid on this finding supported as it is by uncontradicted evidence, under §307 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §562. Cf. *Fitzpatrick v. Hudson Coal Co.*, 159 Pa. Superior Ct. 53, 46 A. 2d 589.

The judgments entered on the awards are affirmed.