## Zuchero License

*Samuel Glantz,* for appellant.

*R. Barry McAndrews,* for Commonwealth.

BODLEY, J., February 3, 1971.—This is an appeal from an order of the Secretary of Revenue suspending Zuchero's operating privileges for a period of four months. A supersedeas was granted by this court and a de novo hearing was held before the writer, as required by law.

The Commonwealth's evidence established that on November 18, 1968, appellant was charged with having violated the curfew provisions of section 604.1(c) of The Vehicle Code of April 29, 1959, P. L. 58, sec. 604.1, added September 16, 1961, P. L. 1367, sec. 2, 75 PS §604.1. On that date, Zuchero was 17 years old and the holder of a junior operator's license. He was observed driving on the public highway at 4 a.m., whereas section 604.1(c) prohibits a junior licensee from operating between the hours of midnight and 5 a.m., "unless he is accompanied by a parent or a person in loco parentis." Zuchero was subsequently found guilty after hearing before a justice of the peace, and following a departmental hearing, was notified by the Secretary of Revenue on May 22, 1970, that his license was to be suspended for a period of four months from June 4, 1970.

Zuchero freely admits the foregoing facts, but says that an injustice has been done him in that there had been no violation of the curfew law because at the time of the alleged offense he was accompanied by one "Bobby Andrews," a fellow-worker over the age of 18 years, whose status as to Zuchero was one in loco parentis, thus bringing Zuchero within the curfew exception. This novel proposition is reached

in this fashion: although Zuchero resided with his parents at the time of the alleged offense, he worked a night shift ending at 2:30 a.m. and his parents had approved of his driving after midnight so long as Bobby (unavailable at the time of hearing) rode along with him. We understand that the argument suggests that the parents, being the natural guardians of the youth, had the legal authority to, and did, in fact, appoint Bobby to act for them and discharge their parental obligations during the hours of 12 midnight to 5 a.m.

We cannot agree with this bit of legalistic legerdemain and hold that young Zuchero, though accompanied by his coworker Bobby while driving his vehicle at 4 a.m., work having ended at 2:30 a.m., was at that time in violation of section 604.1(c).

"In loco parentis" means "in the place of a parent" according to Webster's New International Dictionary (2d Ed., Unabridged 1957), and Bouvier's Law Dictionary (3d Rev., 1914) further explains in this manner: "In place of a parent: as, the master stands toward his apprentice in loco parentis." One who stands in loco parentis is entitled to custody of the child (Zuchero here) as against third persons and is liable for the child's maintenance and support. See P. L. E. Parent and Child, sec. 17. He has the rights and often the obligations, for the time at least, of a natural parent. This is settled law. See e.g., Fitzpatrick v. Hudson Coal Company, 159 Pa. Superior Ct. 53 (1946); Boyle v. Dealer's Transport Company, 184 Pa. Superior Ct. 38 (1957); Beck v. Freed, 3 D. & C. 2d 105 (1955); Samborski v. Beck et al., 41 D. & C. 387 (1941), all equating the parent-child relationship of one standing in loco parentis with the de facto status of a lawful parent. Quite obviously,

no such relationship existed between "Bobby" and Zuchero.

Appellant also argues that his was, at most, a "mere technical violation" and that because of his change of circumstances (marriage) and the length of time which passed before the secretary acted upon the suspension order (13 months) we should find an abuse of discretion and reverse that order. We do not agree. Zuchero's violation does not fall within the pattern of those cases in which the court's conscience led it to reverse suspension orders growing out of technical, or border-line, violations: Snyder Automobile License Case, 19 Bucks 197 (1970); Glassow Automobile License Case, 15 Bucks 324, 37 D. & C. 2d 61 (1966).

Lastly, Zuchero asks that we reconsider our decision in Blair License, 44 D. & C. 2d 26 (1967), in which we held that the secretary has the power to suspend one's operator's license for offenses occurring while he was a holder of a junior license under section 604.1(a). This we decline to do because, as we pointed out in Blair, since cited with approval by the court in Centre County in Rossman License, 47 D. & C. 2d 772 (1969), to hold otherwise would render the secretary's suspension power over junior licensees largely ineffective. The administrative machinery simply is not geared to move as swiftly as may be required in any given case to order a suspension before the junior violator qualifies for, and receives, his regular operator's license.

## ORDER

And now, this February 3, 1971, the within appeal is dismissed, the supersedeas heretofore granted is set aside and the order of the Secretary of Revenue suspending the operator's license of appellant, Samuel S. Zuchero, Jr., for a period of four months is hereby sustained.