## Quick v. Philadelphia & Reading Coal and Iron Company.

P. H. *Burke* and M. M. *Burke*, for claimant.

J. F. *Whalen* and *George Ellis*, for defendant.

HOUCK, J., Nov. 11, 1929.—Fred Quick was accidently injured while in the course of his employment on Feb. 7, 1928. He died as a result of the injuries the following day. After his death, the defendant and Viola Quick entered into a compensation agreement, in which Viola Quick is named as the decedent's widow and Clifford Quick, born June 8, 1926, is named as his son. Subsequently, the defendant filed a petition for review of the agreement, alleging that it was based upon mistake, in that Viola Quick is not the widow of Fred Quick. The referee found that Fred Quick and Viola Quick contracted a common law marriage in December, 1924; that they lived together, with the exception of one or two short periods, from that time until the dece-

dent's death, and that Clifford Quick was their son and lived in the decedent's household and was supported by him until he died. Consequently, the referee dismissed the defendant's petition for review. The defendant appealed to the Workmen's Compensation Board, which found, impliedly at least, that the claimant was not Fred Quick's common law wife. It affirmed the referee's finding of fact concerning the status of Clifford Quick and set aside the agreement as to Viola Quick, and awarded compensation to Clifford Quick in accordance with the provisions of the Compensation Act. The defendant appealed to this court, alleging that the referee and the board erred in awarding compensation to Clifford Quick.

The only question involved is whether Clifford Quick, the illegitimate child of Fred Quick and Viola Ridout, is entitled to compensation as a dependent of Fred Quick. The answer to this question is to be found in section 307 (9) of the Act approved June 2, 1915, P. L. 736, which provides, *inter alia:* "The terms 'child' and 'children' shall include stepchildren and adopted children, and children to whom he [the employee] stood *in loco parentis*, if members of the decedent's household at the time of his death, and shall include posthumous children." The act makes no provision for the payment of compensation to illegitimate children. It does, however, provide for the payment of compensation to children to whom the employee stood *in loco parentis*. Therefore, if the decedent stood *in loco parentis* to Clifford Quick, the child is entitled to compensation, and whether legitimate or illegitimate becomes immaterial.

The proper definition of a person *in loco parentis* to a child is a person who means to put himself in the situation of a lawful father of the child with reference to the father's office and duty of making provision for the child: Robinson's Estate, 35 Pa. Superior Ct. 192; Dime Trust and Safe Deposit Co. *v.* Philadelphia & Reading C. & I. Co., 78 Pa. Superior Ct. 124. There is competent evidence in this case that the decedent acknowledged Clifford Quick as his child, that he intended to treat him as such in all respects, and that he actually supported and maintained the child from the time of its birth until the fatal accident. Fred Quick and the claimant lived together as man and wife and the child lived with them. There can be no doubt that the employee stood *in loco parentis* to this child and that the child was a member of the decedent's household at the time of his death. Consequently, the child falls within one of the classes specifically mentioned in section 307 of the Compensation Act and is entitled to compensation.

The defendant refers us to Litzinger *v.* State Workmen's Insurance Fund, 2 Pa. Workmen's Comp. Bd. Dec. 238, and McIntosh et al. *v.* Estate of George F. Lasher, 2 Pa. Workmen's Comp. Bd. Dec. 279. In both of these cases the Compensation Board disallowed compensation to an illegitimate child. In the Litzinger case the child was a posthumous child, and in the McIntosh case the child was not supported by, and did not live with, its reputed father. In neither of these cases did the question of *loco parentis* arise. The ruling in the case at bar is in accord with Gregor *v.* Mountz & Co., 8 Pa. Workmen's Comp. Bd. Dec. 202. In the last cited case the Compensation Board said: "Section 307 (7) of the Compensation Act defines 'child' and 'children' as including 'children to whom he stood *in loco parentis*, if members of the decedent's household at the time of his death.' These children fall squarely within this definition and are entitled to the benefits of the Compensation Act. The defendant would have us qualify the clause quoted by adding thereto, 'except illegitimate children of the decedent.' There is no such exception in the act." In the case now under consideration, the defendant asks that the quoted

211

clause of the Compensation Act be qualified in the same way. Of course, there is no warrant for this. Clifford Quick was a member of the decedent's household and the decedent stood *in loco parentis* to him. He is a dependent child of the decedent as the term is defined in the Compensation Act.

The defendant's exceptions are dismissed, the action of the Workmen's Compensation Board is affirmed, and judgment is entered against the defendant, in accordance with the award of the Workmen's Compensation Board, in the sum of $3456.99.