## The Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America, *vs.* Maria E. Reynold's Executrices.

A testatatrix bequeathed the sum of $500 to " be paid for the special benefit of the foreign missions associated with the Episcopal Church." HELD:

That this language does not indicate with any certainty that *any corporation* was designed as the legatee, and a corporation called " The Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America" cannot take under this bequest.

The ambiguity in this will, if any, is not such as to warrant the introduction of extrinsic evidence to explain it; the will must be construed from its face.

APPEAL from the Equity Side of the Circuit Court for Washington county.

The appellant, a corporation incorporated by the State of New York, claimed the bequest of $500 under the clause in the will of Mrs. Reynolds, set out in the opinion of this court, averring: that *it* was the legatee intended to be named, and that such intent could be proved by the party who wrote the will and others. The next of kin of the deceased resisted this claim, upon the ground that the appellant is not named in the will, and that the bequest is too vague, uncertain, indefinite, and in other respects void. The facts of the case are stated in the opinion of this court.

The court below, (PERRY, J.,) delivered the following opinion against this claim:

"The corporation claiming the fund has been incorporated by the State of New York, and is not known to exist in Maryland or any other State, and it is insisted, that the testatrix intended this corporation, and none other, should be the object of her bounty; that the devise must wholly fail unless such shall be the construction of the will; that no other corporation having preferred a claim, the presumption of law is, that ' The Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America,' is the one intended by the testatrix. To support this view the case of *Vansant vs. Roberts*, 3 *Md. Rep.*, 119, is cited. But I do not regard the court as having in that case determined the law to be, that as no other corporation claims the bequest, the one who comes in and asserts the right is to be presumed to be the one intended. That the law presumes such to be the case, the court does not, in my view, mean to decide. The case decided is not like the one under consideration. The court in that case advert to the fact that the testator had pointed out the location of the corporation as being in Philadelphia, and no other corporation having made a claim, that that fact was such as to raise a presumption that the corporation claiming was the object of the testator's bounty. The devise under consideration does not designate the place or location of the corporation. If it had pointed out its location to be in the city of New York, that fact would, perhaps, have brought it within the principle of the case of *Vansant vs. Roberts*. To determine that the Court of Appeals intended to establish the principle of law, that as there is but one corporation claiming the bequest, that corporation was the one intended, and is the object of the testator's bounty, would be going beyond what was intended to be decided by that distinguished tribunal. They intended to announce the law as applicable to that case, and none other, and did not design to establish principles for cases which could not be, and, no doubt, were not contemplated.

"The court saw from the terms of the will in *Vansant vs. Roberts*, and from the surrounding circumstances, the manifest

intention of the testator—that the words showed the testator could only mean a particular corporation—and did not deem it necessary to consider the question of the admissibility of oral proof to explain a testamentary instrument. Such is not the case in the will now before this court. The language is very indefinite. It is, that the money should 'be paid for the special benefit of foreign missions associated with the Episcopal Church.' The will does not upon its face or terms show the corporation intended, or that any corporation was to be the object of the bounty of the testatrix. The corporation claiming is one established by the laws of the State of New York, and there is nothing which manifestly shows the intention of the testatrix. The court cannot, indeed ought not, to indulge any conjectural intention. The law has wisely surrounded the testamentary disposition of property with proper restrictions and requirements, and if the parties who are enabled to dispose of their property do not observe its restrictions, or follow its requirements, it is not for the court to supply what they may have neglected. By the terms of the will no one can see the corporation designed by the testatrix to be the object of her bounty, and to give to the party now claiming this legacy, would be, in my opinion, indulging a conjectural intention which is not sanctioned by the law. The will must be interpreted by its words and the surrounding circumstances, the condition, &c., of the testatrix, but I know of no case in which parol evidence has been introduced to show what the testator intended except in cases of ambiguity, and if the testatrix has not designated the objects of her bounty in such a way as not to be liable to the imputation of ambiguity, the court cannot, indeed would not, permit the omission to be cured by such testimony."

From the decree, that the appellant was not entitled to the bequest, and directing the money to be paid to the next of kin, this appeal was taken.

The cause was argued before Le Grand, C. J., Tuck and Mason, J.

*Z. S. Clagett* for the appellant, argued:

1st. That the description of the legatee is sufficiently definite. Accuracy is not required; anything that amounts to a *descriptio personæ* will suffice; *falsa descriptio non nocet.* If there is error in the *name,* but not in the *object* of the bequest, it is good. A most liberal construction is adopted in order to gratify the *intent. Samuel* has been permitted to take under a bequest to *Edward,* in a devise to the *two* daughters of John Vernon, his *three* daughters have been permitted to take—*Catharine Earnley* has been construed to mean *Gertrude Yardley,* and *Edward Williamson* to mean *Edward Anderson.* 3 *Pick.,* 232, *First Parish in Sutton vs. Cole.* 5 *Mees. & Wels.,* 362, *Hiscocks vs. Hiscocks. Wigram on Wills,* 141, 143, 181. *Jarman on Wills,* 328 to 330, 369, 370. 2 *Peere Wms.,* 141, *Beaumont vs. Fell. Ram. on Wills,* 35, 36. 3 *Ves.,* 306, *Selwood vs. Mildmay.* 8 *Bing.,* 244, *Miller vs. Travers.* 2 *Dallas,* 70, *Powell vs. Biddle.* 1 *Greenlf. on Ev.,* sec. 301, *note* 1. Now in this case no other claimant appears than the appellant, and it is admitted there is no other regularly incorporated missionary society associated with the Episcopal Church. It is evident the testatrix intended the bequest for some missionary society associated with the Episcopal Church, for she has so declared, in effect, in her will. She intended some one to be the recipient of this bequest; and it is no strained construction to adjudge that society, which *alone* has a legal capacity to take, to be the object of the bequest. " As no other corporation has set up a better claim, it is fair to presume there are none who have any better to advance." 3 *Md. Rep.,* 128, *Vansant vs. Roberts.*

2nd. If a testator is mistaken in a devise, yet if the person or object of the bequest is clearly made out by averment to be the person meant, *and there can be no other to whom it may be applied,* the devise to him is good. (*Ram. on Wills,* 36.) There being no other claimant, and none in legal existence capable of claiming, to which the description in the will can be applied, she must have intended the appellant as the object of the bequest. *The will would otherwise be inoperative,* and all the cases show that the courts are inclined to construe the

will, if possible, so as to prevent intestacy. *Wigram,* 142, 181. 3 *Ves.,* 306. 1 *Atk.,* 410, *River's case.* 2 *Ves.,* 589, *Standen vs. Standen.* 1 *Peere Wms.,* 286, *Day vs. Trig.* 2 *Wm. Exc'rs,* 835. 1 *Ves.,* 266, *Parsons vs. Parsons, notes* 2, 3. 1 *Greenlf. on Ev.,* sec. 287, *note* 3. 8 *Md. Rep.,* 496, *Stokeley vs. Gordon.* But this is a bequest to a corporation, and the courts are more liberal in their construction of such bequests. A misdescription of the devisee, or the estate, or the thing devised, will not avoid a grant or devise to a corporation. The modern cases show an increased liberality on the subject. The rule is, in a devise to a corporation, if the words (though the name be entirely mistaken) show the testator could only mean a particular corporation, it is sufficient, as, for instance, a devise to John, Bishop of Norwich, when his name is George. All the authorities are clear, that in such a case a mistake in the name or description of the corporation will not frustrate the intent of the testator. *Angel & Ames on Corp.,* secs. 99, 185, 234. 3 *Pick.,* 232. 10 *Mass.,* 360, *Medway Cotton Manf. vs. Adams.* 2 *Kent's Com.,* 292. 5 *H. & J.,* 122, *Road Company vs. Creeger.* 3 *Md. Rep.,* 128. *Kyd. on Corp.,* 236, 237, 250, 251, 252. 5 *Halst.,* 323, *Inhabitants vs. String.*

3rd. Courts of equity will give effect to the bequest on the ground of a trust, and will see that the intention of the testator be carried into effect. 2 *Kent's Comm.,* 285, 288, *note (b.)* 2 *How.,* 127, *Girard's Will.* 1 *Sandf. Ch. Rep.,* 439, *Kniskern vs. The Lutheran Churches.* 2 *Do.,* 46, *Shotwell vs. Mott.* 9 *Cowen,* 437, *McCartee vs. Orphan Asylum Society.* 15 *How.,* 367, *McDonogh's Will.*

*Wm. Motter* for the appellee, argued:

1st. That the appellant is not sufficiently designated in the will to authorise the court to say that it was the legatee intended by the testatrix, and the facts agreed upon do not help the insufficiency of this designation. The admission is simply that there is such a corporation in existence, not that the appellant is the legatee *intended* by the testatrix. Extrinsic evidence would not be received to *identify* the appellant as

44    v.9

the legatee *intended*. *Wigram on Wills*, 135. The designation is not true in part, but wholly defective. *Wigram,* 135, 136, 137. The bequest is for the benefit of *foreign missions;* the name of the appellant is *The Domestic and Foreign Missionary Society*. The legacy is for the special benefit of foreign missions associated with the *Episcopal Church;* the appellant is The Domestic and Foreign Missionary Society of the *Protestant Episcopal Church,* and there is a *Methodist Episcopal Church* as well as a *Protestant Episcopal Church*. The ambiguity, therefore, if there be one, is a *patent* and not a *latent* one, and cannot be aided by extrinsic evidence. *Wigram*, 163. 1 *Greenlf. on Ev., sec.* 290. *Kyd. on Corp.*, 252. Again, there is nothing in the will to show that *any corporation* was intended, but, on the contrary, the will contains a devise to an *unincorporated* society. In this respect this case differs materially from that of *Vansant vs. Roberts;* there the description was of a corporation, while here there is nothing *pointing to a corporation*.

2nd. That the bequest is void as being too vague, uncertain and indefinite, and therefore the next of kin are entitled. 4 *H. & J.*, 446, *Trippe vs. Frazier*. 5 *Do.*, 392, *Dashiell vs. Attorney General,* and the same case in 6 *H. & J.*, 1. 8 *Md. Rep.*, 551, *Wilderman vs. Mayor & C. C. of Balto.* 4 *Wheat.*, 1, *Baptist Association vs. Hart*. The money is given in trust for *foreign missions:* could the *cestui que trusts* enforce such a trust? Who are they? Who are foreign missions? Is the description *"foreign missions"* a *charitable use?* Does this bequest come under the *doctrine of charities?* It is respectfully submitted, that the answer to each and all these questions must be against the validity of the bequest.

MASON, J., delivered the opinion of this court.

This case arises under the following clause in the will of Mrs. Maria E. Reynolds, deceased:

"I also direct, that the sum of five hundred dollars of my money shall be paid for the special benefit of the foreign missions associated with the Episcopal Church."

The controversy in this court is between the appellant and

the next of kin of the testatrix, and arises upon a bill of interpleader, filed in the court below by her executrices, the nominal appellees in this court. The decree of the court below was in favor of the next of kin, and from that decree the appellant has taken this appeal.

It is admitted, that there is in the United States a corporation named "The Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America," and also that there is no incorporated missionary society, domestic *or* foreign, or domestic *and* foreign, connected with the Protestant Episcopal Church other than the appellant.

The ambiguity in this will, if any exists, is not such as to warrant the introduction of extrinsic evidence to explain it. The will must be construed from its face.

The appellants' counsel seeks to assimilate this case to that of *Vansant vs. Roberts*, 3 *Md. Rep.*, 119. The striking difference between the two cases is this: In *Vansant vs. Roberts*, the testator provided in express terms that the bequest should go to *a corporation*, but the question arose out of a mistaken designation of the corporate body intended. On the contrary, in this case, the language employed by the testatrix does not indicate even, with any degree of certainty, that *any corporation* was designed to be the channel through which her beneficence was to pass, how then can we say that a *particular* corporation, to wit, the appellants, were intended as the objects of the testatrix's bounty?

As further evidence that the testatrix may not have had an incorporated body in her mind when she prepared this devise, she gave a legacy to the sick society of Hagerstown, which was not incorporated.

As the governing point presented on this appeal is, the right of the appellants to recover, and not recognising that right, we affirm the decree.

*Decree affirmed with costs.*