Augustus P. Loring & another, trustees, *vs.* Massachusetts Horticultural Society & others.

Suffolk.    March 25, 28, 1898. — June 21, 1898.

Present: Field, C. J., Allen, Holmes, Knowlton, Morton, Lathrop, & Barker, JJ.

*Trust Deed — Power of Appointment by Will — Time at which Appointees are entitled to be Paid — Interest.*

On a bill in equity for instructions, brought by trustees under a trust deed of H., it appeared that the deed gave property in trust to the use of such persons and corporations as H. might appoint by will; that H. died on February 9, 1895, and by his will and codicil appointed legacies to different persons and corporations, and the residue to the M. Society; that the will and codicil were proved after a contest on May 17, 1897, and that then there was a contest whether the property was assets to be administered by H.'s executor, or was to be distributed by the plaintiffs, which was decided for the plaintiffs on January 25, 1898, and on February 5, 1898, the legacies other than the residue were paid. The words in the trust deed were " upon and after the death of said H. then in trust to hold

the said trust property" to the use of the appointees, and "the trustees shall take such time, not exceeding three years from the death of H., as they may think best, for the most judicious conversion of the trust estate and to prevent the sacrifice thereof." *Held*, that the appointees were to be treated as if they had been entitled to be paid at H.'s death, and that they must be paid interest from that date.

BILL IN EQUITY, by the trustees under the trust deed of Francis B. Hayes, asking the instructions of the court as to the construction thereof. The case was reserved by *Barker*, J., on the bill, answers, and an agreed statement of facts, the material portions of which appear in the opinion.

The case was argued at the bar in March, 1898, and afterwards was submitted on briefs to all the justices.

*J. B. Warner*, for the Massachusetts Horticultural Society.

*E. W. Hutchins*, for the Berwick Academy.

*A. Lord*, for the executor of the will of Meta T. Pitts, a sister of the testator.

HOLMES, J. This is a bill for instructions by trustees under a trust deed of Francis B. Hayes. The deed gave certain property to the plaintiffs in trust to the use of such of certain persons and corporations as Hayes might appoint by will. Hayes died on February 9, 1895, and by his will and codicil appointed pecuniary legacies to different persons and corporations, and the residue to the Massachusetts Horticultural Society. The will and codicil were proved after a contest, on May 17, 1897. Then there was a contest whether the property was assets to be administered by Hayes's executor, or was to be distributed by the plaintiffs, which was decided for the plaintiffs on January 25, 1898, and on February 5, 1898, the legacies other than the residue were paid. The question is whether they are entitled to any, and, if any, what interest at the expense of the residue.

The first question raised by the bill, although hardly touched in the argument, is whether the appointment speaks from the death of Hayes or only from the probate of the will. Of course it speaks from no earlier date. *Marlborough* v. *Godolphin*, 2 Ves. Sen. 61, 78. It is very clear that the appointment must be by a valid will, and that the only way in which this court can know that a given instrument is a valid will is by its having been admitted to probate. "A will, without the probate, is of

no avail." *Dublin* v. *Chadbourn*, 16 Mass. 433, 442. *Shumway* v. *Holbrook*, 1 Pick. 114. *Ross* v. *Ewer*, 3 Atk. 156, 160. *Ex parte Limehouse Board of Works*, 24 Ch. D. 177. An appointee by will has no rights until the will is proved, and hence it might be argued that for any purpose his rights could not be deemed to have an earlier beginning. We are of opinion, however, that generally appointments by will are intended to speak from the death of the testator, and not to leave a gap or intervening time during which the fund is simply to accumulate. In this case, at least, the express words are " upon and after the death of said Francis B. Hayes, then in trust to hold the said trust property " to the use of the appointees. Words could not state more clearly that the rights of the appointees were to begin with the death ; and although literally they could not begin at that time, the creator of the trust was entitled to say, and did say by these words, that in determining what those rights were they should be treated as if they began then. Of course under such a trust and power as this, it was the right of the donee to fix any time for the beginning of interest that he saw fit, just as he might fix the rate. *Lewis* v. *Freke*, 2 Ves. Jr. 507, 512. *Balfour* v. *Cooper*, 23 Ch. D. 472, 477, 478.

We are of opinion, further, that the words which we have quoted are not overridden or made nugatory by the provision in the same deed that, in transferring the trust fund under the appointment or in default of it, " the trustees shall take such time, not exceeding three years from the death of said Francis B. Hayes, as they may think best, for the most judicious conversion of the trust estate and to prevent the sacrifice thereof." This provision suspends liability to action but goes no further. *Bartlett, petitioner*, 163 Mass. 509, 521.

As the appointees are to be treated as if they had been entitled to be paid at Hayes's death, we are of opinion that they must be paid interest from that date. Assuming that the delay of payment was justified, and within the permission given by the trust deed, that does not exonerate the estate from paying interest. It is not true here, as stated in *Crickett* v. *Dolby*, 3 Ves. 10, 13, and *Donovan* v. *Needham*, 9 Beav. 164, 167, that interest is to be given only for default of payment, or as stated in *Earle* v. *Bellingham*, 24 Beav. 448, 450, that it is payable

only from the time the legacy is receivable. *Kent* v. *Dunham*, 106 Mass. 586, 590. When the delay is allowed only for the convenient and profitable management of the estate, interest is allowed from the usual date. *Bartlett, petitioner*, 163 Mass. 509, 521. Whenever allowed, it is allowed at the statute rate, although that is higher than that which trust funds usually earn in these days. *Welch* v. *Adams*, 152 Mass. 74, 88, 89. Interest has been allowed on testamentary appointments, (*Tatham* v. *Drummond*, 2 Hem. & M. 262, 268,) and whatever the scope of that decision, there is no rule in this Commonwealth that interest on such appointments does not begin to run for a year. The same would seem to be true of the law of New York and Pennsylvania. *Dixon* v. *Storm*, 5 Redf. 419. *Howell's estate*, 18 Penn. C. C. 257. *Decree accordingly.*