JOSEPH C. MAZZIOTTE, GUARDIAN, ETC., *v.* SAFE
DEPOSIT & TRUST COMPANY, TRUSTEE

[No. 32, October Term, 1941.]

*Decided December 3, 1941.*

The cause was argued before BOND, C. J., DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*William L. Rawls* and *John G. Rouse,* with whom were *Marbury, Gosnell* and *Williams* on the brief, for the appellant.

*Randolph Barton, Jr.,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The case has arisen upon a petition filed in equity by a substituted trustee under a will, for construction of a gift of remainders after termination of the trust. The question raised is whether a gift over to the issue of daughters of the testator living upon their death, per capita, is a gift to all living descendants of the daughters in all generations, in equal shares, allowing remoter descendants to share with their living parents, or is a gift to the parents excluding their children. The chancellor below held that the living grandchildren took to the exclusion of their own children, and the guardian of those children has appealed.

William H. Lohmeyer, by the third clause of his will dated June 1, 1903, and admitted to probate February 24, 1911, devised two parcels of real estate in trust for payment to each of four daughters of a two-ninths part of the income, and to pay a son the remaining one-ninth. And a fourth paragraph provided that upon the death of all the daughters, "then the trust hereby created shall cease and eight-ninths of the trust property shall be paid conveyed and delivered to the issue of my said four daughters, living at the termination of the trust per capita." The four daughters have all died, and they left surviving them six children altogether, one daughter having left one, another two and a third three. The fourth daughter left no issue of any generation surviving her.

Three of the six children of these daughters, all of whom are now living, had living at the termination of the trust six children of their own, similarly distributed, one child having one, another two, and a third three. There were living, then, at the termination of the trust, and arrival of the time for distribution, six grandchildren of the testator, and six great grandchildren in all, to three of the grandchildren.

The word "issue" in the disputed clause is clearly one of purchase. *Miller, Construction of Wills,* Sec. 77. And standing alone, the meaning of it has been a subject of difference of opinion. *Miller, supra,* secs. 89 and 90; Notes 2 *A. L. R.* 930; 5 *A. L. R.* 195; 78 *A. L. R.* 1385, 1398; 117 *A. L. R.* 691. Primarily, it embraces all lineal descendants. *Goldsborough v. Martin,* 41 Md. 488, 501. But in Maryland it has usually been found equivalent to heirs of the body or those who would take in case of intestacy, thus rendering gifts to remoter descendants only substitutional, in place of gifts to deceased ancestors. *Horwitz v. Safe Deposit Co.,* 172 Md. 437, 451, 192 A. 281; *Miller, supra,* sec. 358, p. 1012. And see *McPherson v. Snowden,* 19 Md. 197, 229. It is not a word of fixed meaning, and the sense in which the testator has used it is the test for interpretation, and for this context will control. "Its true interpretation must be found from the connection in which it is used." *Thomas v. Higgins,* 47 Md. 439, 451; *Thomas v. Safe Deposit Co.,* 73 Md. 451, 458, 21 A. 367, 23 A. 3; *Travers v. Wallace,* 93 Md. 507, 513, 49 A. 415; *Horwitz v. Safe Deposit Co., supra.* Rules of construction must, as has been argued, occupy a subordinate position here as elsewhere. *Cox v. Handy,* 78 Md. 108, 123, 27 A. 227, 501; *Vestry of Emmanuel Church v. Safe Deposit Co.,* 169 Md. 28, 35, 179 A. 164.

But the word does not stand alone. The takers are to be the issue per capita, and the qualification seems to dispose of the question of interpretation. A gift to issue per capita means that all beneficiaries who may come within the classification of issue of the four daughters are to take in their own right from the testator directly,

and not from their parents or in representation of them. *McPherson v. Snowden*, 19 Md. 197, 229. And unless other expressions in the will afford a contradiction of this ordinary meaning it must exclude takers by substitution, as heirs or those who take in case of intestacy. *Levering v. Orrick*, 97 Md. 139, 145, 54 A. 620; *Miller, Construction of Wills*, sec. 96. No cases construing clauses in exactly the words used in the Lohmeyer will have been found, but it appears generally agreed that when the distribution is to be made among issue per capita remoter descendants will share with their parents. "If it was per capita, children and grandchildren take concurrently." In *re Farmers' Loan & Trust Co.*, 213 N. Y. 168, 174, 107 N. E. 340, 2 *A. L. R.* 910; *Proctor v. Lacy*, 263 Mass. 1, 9, 160 N. E. 441. "Thus suppose there is a bequest 'to the issue A,' or 'to A for life then to A's issue.' Assume that at the period of distribution there were two children of A living and each had a child living. Do all take per capita each one fourth or do the children of A each take one-half? Clearly if the testator had actually put his mind upon the difference in result he would have expressed himself clearly upon the point. He would have said per capita or he would have used the expression per stirpes or some other phrase which would indicate that the issue were to take only by way of representation." *Kales, Estates, Future Interests*, sec. 577. "When the issue take per capita and not per stirpes, a remote descendant of B can share even though his parent is alive and also shares." *Restatement, Property, Future Interests*, Par. 303, comment (i).

The words per capita added here were used with knowledge of their meaning, and we must assume they represent the testator's intention. *Stein v. Safe Deposit Co.*, 127 Md. 206, 215, 96 A. 349. In the clause immediately succeeding he provided that "If at the time the trust terminates there is no issue of my said daughters surviving, then and in that event the trust estate shall be paid, delivered or conveyed to such persons excluding my son William, but including his children and descendants per

stirpes if any," who would take in case of intestacy. And the seventh, or residuary, clause directs the executors named to divide the rest and residue of the estate into as many parts as there are children left surviving the testator; and the share of the son William was to be held in trust for his life, and after his death to be paid "to such issue as may be living at the date of his death per stirpes and not per capita * * * and if my son William shall die without issue living at the date of his death, then in trust to pay transfer and convey the trust estate free of the trust to such persons as would under the then existing laws of the State of Maryland inherit real estate from me as heirs at law had I died intestate."

There is no escape from the conclusion that the draftsman of the will had clearly in mind the distinction between per capita and words which would make substitutional gifts, and that he chose the result of his words. Counsel are able to point out possible omissions, on either interpretation, of relatives of seemingly equal standing with those to be included in the testator's bounty, but these facts are not found sufficient to alter the interpretation. The direction is explicit, beyond the aid of inferences from that source. Some omission was intended in confining the gift in remainder to those living at the termination of the trust.

This court therefore finds itself unable to concur in the interpretation accepted by the chancellor below, and the instructions given, and must remand the cause in order that the trust property be ordered distributed to all the issue of the deceased daughters of the testator, great-grandchildren to share equally with the grandchildren, including the parents of the great-grandchildren.

*Decree reversed and cause remanded in order that a decree may be passed in conformity with the opinion, costs to be paid out of the trust fund.*