GIDEON ET AL. *v.* FLEISCHMANN ET AL.

[No. 158, October Term, 1948.]

*Decided May 19, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Nathan Patz* for appellants.

*John M. Butler,* with whom were *Venable, Baetjer & Howard* on the brief, for appellee, Mercantile Trust Co.

*H. Mortimer Kremer,* with whom was *Albert J. Fleischmann* on the brief, for .appellees, Albert J. Fleischmann et al.

*J. Paul Schmidt,* with whom were *Weinberg & Green, Leonard Weinberg* and *George L. Clarke* on the brief, for appellees, Edwin M. Fleischmann et al.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a decree construing, with respect to certain facts, the fourteenth clause of the will of Albert Gottschalk, who died in 1898, leaving an estate then in excess of $1,000,000. He left a will, dated July 22, 1890, and two codicils. The provisions of the codicils are not now material.

After charitable bequests and provisions for his wife (who renounced) and a brother, he left the residue of his estate in trust, to be divided into four portions, the income of each one fourth portion to be paid to each of his four children, Levi, Joseph, Lillie Fleischmann and Bertha Weiller, for life, each son to have the right to absolute payment, free of trust, of $100,000 out of his portion, to be deducted therefrom. The fourteenth clause then provides:

"14th. Immediately upon the death of any of my said children, his or her one fourth portion (less the sum of One hundred thousand dollars, if paid to my sons as aforesaid) shall vest absolutely per stirpes and not per capita in his or her descendants then living, if any, and if no such descendant or descendants be then living, the same, (subject to the provision hereinafter made for the husbands of my said daughters) shall vest absolutely in the survivor or survivors of all of my said children, and the descendant or descendants, if any, of any deceased child or children then living, to be equally divided between them per stirpes but not per capita, and in either of those events, immediately from and after the death of any of my said children, all trusts as to his or her fourth portion shall cease, determine and be executed. *Provided, however, that if either of my said daughters should die leaving only one child or descendant living at the time of her death, then only a one-half part of her*

*one fourth· portion shall vest in said child or descendant,
and should she die leaving only two children or descend-
ants living at the time of her death, then a two thirds
part of her one fourth portion shall vest in said children
or descendants, and in either of those events the remain-
der of her one fourth portion shall vest absolutely in
the survivor or survivors of all of my said children, and
the descendant or descendants of any deceased child or
children, then living to be equally divided between them
per stirpes and not per capita."* [Italics supplied.]

All four children survived the testator. Levi died in
1923, leaving one child, Mrs. Gideon, the appellant.
Joseph died in 1942 without issue. Mrs. Fleischmann
died on January 15, 1948, leaving two sons, Albert and
Edwin. Albert then had three children, Edwin two, and
both together had seven grandchildren. Mrs. Weiller,
who is still living, had two children and three grand-
children. Mrs. Fleischmann's one-fourth portion with
accumulated income, now amounts to approximately
$290,000.

Appellees contend, and the lower court held, that Mrs.
Fleischmann left more than "two children or descendants
living at the time of her death," therefore the proviso
(italicized above) in clause 14th does not affect her por-
tion, and her portion vested one-half in Albert and one-
half in Edwin. Appellant contends that, since Mrs.
Fleischmann left, as takers, "only two children or de-
scendants living at the time of her death", therefore un-
der the proviso two-thirds of her portion vested in her
sons and ·the remainder of her portion in the survivor
(Mrs. Weiller) of the testator's children and the descend-
ants of deceased children, then living, including Albert
and Edwin, to be equally divided per stirpes. Thus the
opposing contentions turn on the construction of the con-
dition in the proviso, viz., "if either of my said daughters
should die leaving only one child or descendant living at
the time of her death" or "should she die leaving only
two children or descendants living at the time of her
death." The consequent of the condition, viz., "then

only a one-half part of her one fourth portion shall vest in said child or descendant" or "then a two thirds part of her one fourth portion shall vest in said children or descendants," presents no disputed question of construction affecting the devolution of Mrs. Fleischmann's portion. If the condition is not restricted to takers, then it is not applicable to the Fleischmann portion at all and the consequent likewise is not applicable. If the condition is restricted to takers, then the consequent is similarly restricted and is applicable as contended by appellant. The consequent, however, may or may not reflect light on the construction of the condition. Appellant construes "leaving only two children or descendants" as meaning "leaving only two *such* children or descendants" or "leaving, *as takers,* only two children or descendants" or "leaving only two children or descendants of *deceased children*". Appellees construe these words as meaning "leaving only two ~~children or~~ descendants."

If the words of the proviso are susceptible of two constructions, one of which would produce an absurd result and the other would carry out the testator's intention, the latter construction should be adopted. *Cf. Gibbs v. Meredith,* 187 Md. 566, 570, 51 A. 2d 77. Appellant earnestly argues that the result of the construction below is absurd, that if the amount to be taken is limited by the number not only of takers but also of other descendants who are not takers, then the proviso is "without rhyme or reason" and serves no purpose at all; that the unvarying purpose expressed in clause 14th is to make division *per stirpes* and not *per capita,* and not to classify together any descendants and their living parents (*cf. Mazziotte v. Safe Deposit & Trust Co.,* 180 Md. 48, 50, 23 A. 2d 4), and the words "children or descendants" mean only children or descendants of deceased children. Appellees argue that the condition must be strictly construed to avoid divesting vested, but defeasible, remainders in Albert and Edwin, or repugnancy between the clause and the proviso, and even suggest

that in case of such repugnancy the proviso may be void. For essentially the same reason, neither of these opposing arguments is decisive. There can be no "repugnancy" between the proviso and the clause or the purpose of the clause. The proviso is part of the clause, not foreign to it. The purpose of the proviso is to change the effect of the rest of the clause by carving out an exception for different treatment. The question is how large an exception is carved out. Conceivably a testator may decrease the amount of a distributive share in the event of a small number of either (*a*) takers or (*b*) other descendants who may be dependents of takers, are potential future takers from first takers, and were alternative contingent takers in a contingency which did not occur, or (*c*) both. This much at least is clearly illustrated in *Appeal of Barry*, 10 A. 126, 6 Pennsylvania Supreme Court Cases (Saddler) 132, though the exact scope of that desicion is not clear, because some of the provisions of the will which are referred to in the opinions are not set out in the report of the case. Likewise, when this testator said "children or descendants," without words (used elsewhere) of division *per stirpes* and not *per capita,* he may have meant something different from "children or descendants of deceased children" (also used elsewhere), or from division *per stirpes* and *not per capita.* Nor are vested remainders (if any) in Albert and Edwin material to the question now presented. Provision that immediately upon the death of the life tenant the corpus "shall *vest* absolutely in her descendants *then living*" seems unequivocally to create a contingent remainder. *Evans v. Safe Deposit and Trust Company,* 190 Md. 332, 338-341, 58 A. 2d 649, 652, 653. The word "vested" is, however, sometimes used with the secondary meaning of "transmissible," *e. g.,* a vested interest in a contingent remainder or executory devise. *Reese v. Reese,* [*Chism v. Reese*], 190 Md. 311, 320, 58 A. 2d 643, 647; *Hans v. Safe Deposit and Trust Co.,* 178 Md. 52, 62, 12 A. 2d 208; *Evans v. Safe Deposit and Trust Company, supra.* If in this secondary sense Albert and Edwin had vested interests during their mother's life,

this circumstance is not now material. The question is the *quantum* of their interests, not whether their interests were vested or in what sense they were vested.

The *residuum* of these arguments of appellees is: it is clear that, without the proviso, clause 14th would give Albert and Edwin the whole of their mother's portion, and it is not clear that the condition "should she die leaving only two children or descendants living at the time of her death" is applicable.

If we seek "from the four corners of the will" the intention of the testator, we get no further than the words of the proviso. "* * * should she die leaving only two children or descendants living at the time of her death, then a two thirds part of her * * * portion shall vest in *said* children or descendants, * * *." Appellant says the "children or descendants" in the condition therefore are (1) the same as the takers under the proviso and (2) are only "children or descendants of deceased children." But assuming the first conclusion to be correct, the second would not necessarily follow. The result might be the opposite, *viz.*, that should she leave *any* two, but only two, descendants, *said* descendants shall take the two thirds per capita. Assuming, without deciding, that the latter is the true construction of the proviso, it would follow that if the only descendants Mrs. Fleischmann left had been one son and one descendant of that son, the descendant and the living parent would have shared equally two thirds of the Fleischmann portion. This may seem anomalous, but almost any exception to a uniform equal provision for "descendants then living, *per stirpes* and not *per capita*," based either on number of all descendants or on number of descendants who are takers, involves anomalies. The more the class of "children or descendants" in the condition is narrowed, the more the scope of the proviso is broadened and the more the anomalies and the more anomalous they are. Under appellant's construction the share of Albert and Edwin, who had twelve children and grandchildren, would be diminished in favor of appellant, an only child, even if she had had no descendants at

all; if one of the Fleischmanns had never had any children, the death of the other before his mother would have increased by 50 per cent. the share not only of his own descendants but also of his childless brother.

The technical words in the proviso must be given their technical meaning, not only because the will obviously was drawn by an experienced lawyer, but also because they happen to be words which have no other meaning. The question is, not what any single word means, but how all shall be construed in connection with their context. Unlike "issue," "descendants" ordinarily is a word of fixed meaning and is all-comprehensive. *Levering v. Orrick*, 97 Md. 139, 145, 54 A. 620; *Mazziotte v. Safe Deposit and Trust Company, supra*. We are not persuaded that the condition should be restricted to "children or descendants of deceased children." The results of the more literal construction, we think, are more reasonable—or less unreasonable—than the results of appellant's construction.

*Decree affirmed, costs to be paid out of the trust estate.*